Clovis Carl GREEN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28570.

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

Clovis Carl Green, pro se.

PER CURIAM:

The disposition of this appeal from a motion to vacate sentence and judgment under Rule 27.26 is accelerated and disposed of on the merits prior to briefing by the Attorney General because of the peculiar procedural aspects of the matter. The movant, Clovis Carl Green, Jr., has filed innumerable writs and applications in this court as well as in the Federal courts. In order to understand the dilemma which confronts this court in dealing with the pending appeal, some review of the factual background is necessary.

Movant entered a plea on June 25, 1975, in Division Six of the Sixteenth Judicial Circuit. No appeal was had from that guilty plea and on or about August 15, 1975, movant filed a motion under Rule 27.26. The Public Defender was appointed and directed to proceed with representation of movant. At the movant's request, the Public Defender was relieved; and Sloan R. Wilson was appointed as counsel. After what is described by the circuit court as reams of correspondence and pleadings, movant filed a motion to dismiss, and the cause was dismissed without prejudice on October 29, 1975. During the period of time that that motion was pending, mandamus was filed in this court, Federal habeas corpus was filed in the District Court for the Western District, a Federal civil rights suit was filed by movant, and movant had three suits pending in Cole County against the prison and another against the Parole Board.

On January 19, 1976, the present motion was filed in the circuit court. The judge of Division Six disqualified himself and transferred the cause to Division Nine. On January 23, 1976, Division Nine entered a memorandum opinion and judgment disposing of the pending 27.26 motion. The judgment found that the allegations of the motion were without merit since the movant's complaints antedating the plea proceeding were eliminated by a valid plea of guilty and those occurring at the time of the entry of the plea were belied by the record. That memorandum and order demonstrates that the trial court reviewed the transcript made at the time of the guilty plea and indicates that the guilty plea was taken in full accord with the procedures outlined in the concurring opinion in *Flood v. State,* 476 S.W.2d 529 (Mo.1972). After that order was entered on January 23, 1976, at the request of the defendant, the court appointed Sloan R. Wilson to represent the movant in his appeal. Appropriate proceedings were instituted in the circuit court to preserve the appeal and to direct the preparation of the transcript in the case. Thereafter, the movant addressed a variety of correspondence to his counsel that he be relieved of representation of the movant. Mr. Wilson was permitted to withdraw, and the Public Defender was appointed to represent the movant, and thereafter, the movant communicated with this court objecting to the appointment of the Public Defender and inconsistently requesting that the appeal not be "continued." The entire thrust of that correspondence apparently being to obtain a final adjudication by discontinuing the appeal so that movant could continue under Federal habeas corpus procedures. On June 1, 1976, the Public Defender filed in this court a request to be relieved, and on the same date, the movant filed in contradiction of his request for a dismissal a paper entitled "Pro Se Appeal Brief."

In view of the convoluted history of his proceeding and in a desire to conclude the post conviction proceedings relating to this plea without again relieving counsel and appointment of another, this court has decided to review on the merits the pending appeal from the denial of movant's 27.26 motion.

As previously noted, the motion was denied without an evidentiary hearing, and the only issue thus presented is whether or not there were issues presented that required the taking of evidence or whether from the entire record of the proceedings the petitioner was entitled to no relief. From an examination of the motion, it is apparent, as the circuit court found, that some of the issues with respect to proceedings prior to the plea were waived by the entry of the plea. It is, likewise, apparent that the claims relating to the plea proceedings themselves are contrary to the verbatim transcript of the proceedings at the time of the plea and raised no factual issues requiring evidentiary hearing. Based upon a complete review of the file, the records and proceedings in the circuit court, and the movant's claims in his pro se brief, the circuit court's determination of the motion is correct, and the judgment of the circuit court is affirmed.

All concur.